(No. 1877—■)

LAURA MABEL LECKBEE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 26, 1934.*

ROY D. JOHNSON, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

The complaint filed herein alleges that prior to and on the 9th day of October, A. D. 1931, the claimant was employed as an attendant at the Soldiers' and Sailors' Home, a State institution located near Quincy, Illinois; that it was her duty to do general nursing and care for patients and inmates of such institution, and particularly in Ward C of the Hospital Building; that while in the performance of her duties and while lifting a patient in said building, she sustained a left inguinal hernia; that by reason thereof she was put to considerable expense for nurse, hospital and doctor's bills, and claims the sum of Twenty-five Hundred Dollars ($2,500.00) damages for the injuries sustained and expenses incurred by her as aforesaid. Claimant bases her right to recover on the terms and provisions of the Workmen's Compensation Act, and upon what is known as the doctrine of equity and good conscience. However, neither the allegations of the complaint nor the evidence introduced in support thereof show any liability on the part of the State under the Workmen's Compensation Act. There are no averments in the complaint, and there is no evidence in the record to show that in the conduct of the Soldiers' and Sailors' Home the State was engaged in any department of any of the enterprises or businesses which are declared to be extra-hazardous by Section Three (3) of the Workmen's Compensation Act.

There is no liability in this case under the so-called doctrine of equity and good conscience. This court had occasion to consider that question in the case of *Crabtree* vs. *State of Illinois*, 7 C. C. R. 220; also in the case of *Morrissey* vs. *State*, No. 2233, decided at the January Term, A. D. 1934 of this court. In the Crabtree case the previous decisions of the court were reviewed and the court there arrived at the following conclusion:

"We conclude, therefore, that Section four (4) of Paragraph six (6) of the Court of Claims Act, which provides as follows, to-wit: The Court of Claims shall have power: 'to hear and determine all claims and demands, legal and equitable, liquidated and unliquidated, *ex contractu* and *ex delicto*, which the State as a sovereign commonwealth, should, in equity and good conscience, discharge and pay;' merely defined the jurisdiction of the court, and does not create a new liability against the State, nor increase or enlarge

any existing liability; that the jurisdiction of this court is limited to claims in respect of which the claimant would be entitled to redress against the State either at law or in equity, if the State were suable; that this court has no authority to allow any claim unless there is a legal or equitable obligation on the part of the State to pay the same, however much the claim might appeal to the sympathies of the court; that unless the claimant can bring himself within the provisions of a law giving him the right to an award, he cannot invoke the principles of equity and good conscience to secure such an award."

Claimant having failed to produce evidence showing any liability on the part of the State, there is nothing the court can do but deny an award and dismiss the case.

Award denied. Case dismissed.